IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANA MARIA MCCLELLAN, as                      Civil No. 06-392-AA
Personal Representative of the                  OPINION AND ORDER
Estate of IAN MURILLO MCCLELLAN,
a deceased child,

        Plaintiff,

    vs.

JAYANT MUKUNDRAY PATEL, M.D.;
NORTHWEST PERMANENTE, P.C., an
Oregon corporation; KAISER
FOUNDATION HOSPITALS, a
California corporation; KAISER
HEALTH PLAN OF THE NORTHWEST;
OREGON HEALTH SCIENCES UNIVERSITY;
and THE OREGON BOARD OF MEDICAL
EXAMINERS, by and through the
STATE OF OREGON,

        Defendants.

_____

David K. Miller
Robert Beatty-Walters
Miller & Wagner
2210 N.W. Flanders Street
Portland, Oregon 97210-3408
    Attorneys for plaintiff

Page 1 - OPINION AND ORDER

John E. Hart
Troy S. Bundy
Hoffman, Hart & Wagner, LLP
1000 S.W. Broadway, 20th Floor
Portland, Oregon 97205
      Attorneys for Kaiser defendants

Donald Bowerman
Bowerman & Boutin, LLP
1001 Molalla Avenue, Suite 208
Oregon City, Oregon 97045
      Attorney for defendant Oregon Health
      Sciences University

AIKEN, Judge:

      Pursuant to 28 U.S.C. § 1447, plaintiff moves to remand this

action to state court on the grounds that this court lacks

subject matter jurisdiction.  Plaintiff's motion is granted.

<u>BACKGROUND</u>

      This is a medical malpractice case brought in state court

under state common law theories of negligence against defendants

in connection with the provision of surgical care to a 3 ½ year

old boy in February 1999.  The surgery at issue was performed by

defendant Jayant M. Patel.

      Defendants Kaiser filed a Notice of Removal on March 20,

2006.  The defendant that initially filed the Notice of Removal,

Kaiser Foundation Health Plan of the Northwest (KFHP), has since

been dismissed from this lawsuit.  Further, consent to removal

has been obtained from all remaining defendants. Defendants

allege that plaintiff's claims are preempted under the Employee

Retirement Income Security Act (ERISA), 29 U.S.C. § 1144(a).

Page 2 - OPINION AND ORDER

DISCUSSION

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or other defendants, to the district court of the United States[.]" Removal is proper only where the federal court would have had subject matter jurisdiction over the matter if the plaintiff had originally filed the action in federal court.  The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed.  Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989)(internal citation omitted).

Defendants assert that plaintiff's claims are not limited to malpractice claims against defendant Patel.  Defendants argue that plaintiff's claims fall into "two distinct categories: 1) claims challenging the medical decisions of Dr. Patel, and 2) claims challenging the administrative decisions of the Kaiser defendants."  Defendant Kaiser's Memo in Response, p. 2. Defendants assert that it is plaintiff's "administrative negligence claims" that trigger ERISA preemption and this court's resulting jurisdiction.  Id.

Specifically, Kaiser defendants allege that plaintiff makes the following "administrative negligence" claims: Ian McClellan died following abdominal surgery performed by defendant Jayant

Page 3 - OPINION AND ORDER

Patel, M.D. Complaint, ¶ 1.  The Kaiser defendants were "jointly engaged in the practice of medicine and the delivery of other healthcare services.  Id. at ¶ 5.  The collective defendants granted Dr. Patel surgical privileges and held Dr. Patel out to the public and plaintiff as a competent physician, specially skilled in performing abdominal surgery on children.  Id. Defendant Patel was hired by the Kaiser defendants in 1989, and the Kaiser defendants were aware of at least eight medical malpractice lawsuits, some of which involved wrongful death cases and Dr. Patel's care.  Id. at ¶ 11.  In 1997, the Kaiser defendants began conducting an internal review of approximately 80 potential malpractice incidents involving Dr. Patel.  As a result of that internal review, plaintiff alleges the Kaiser defendants restricted defendant Patel's surgical privileges in the summer of 1998, limiting his ability to perform certain abdominal procedures as well as placing other requirements on defendant Patel.  Id. at ¶ 14.

Plaintiff further alleges that the Kaiser defendants failed to inform the Oregon Board of Medical Examiners and defendant Oregon Health Sciences University (OHSU) about defendant Patel and his "malpractice history."  Further, plaintiff alleges that: "Despite Dr. Patel's malpractice history and the restrictions defendant Kaiser placed on his surgical privileges, Dr. Patel was nevertheless elevated to a position of leadership in defendant

Kaiser's pediatric surgical service. Id. at ¶ 17.

Finally, plaintiff has alleged against the Kaiser defendants in particular, that those defendants were negligent "in allowing Dr. Patel to operate on children in light of the malpractice incidents that caused defendant Kaiser to restrict his surgical privileges and put him on a professional improvement plan approximately six months earlier;" "in failing to report Dr. Patel's malpractice incidents between 1991 and 2005 to the Oregon Board of Medical Examiners as required by ORS 742.400(2);" and "in failing to have an adequate system in place between 1991 and 1999 to identify physicians and surgeons with surgical complication rates outside the expected range."

To determine whether plaintiff's claims fall within the scope of § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), the court must determine whether those claims are "to recover benefits due . . . under the terms of [the] plan, to enforce . . . rights under the terms of the plan, or to clarify . . . rights to future benefits under the terms of the plan." Id. I find nothing in plaintiff's complaint to indicate that plaintiff is challenging her ERISA welfare plan's failure to provide benefits due under the plan, nor does plaintiff ask the court to enforce her rights under the terms of her plan or to clarify her right to future benefits. Instead, plaintiff complains about the low quality medical treatment her son received and argues that

Page 5 - OPINION AND ORDER

the defendants should be held liable under agency and negligence principles.  As the court stated in <u>Dukes v. U.S. Healthcare, Inc.</u>, 57 F.3d 350 (3rd Cir. 1995), "[w]e are confident that a claim about the quality of a benefit received is not a claim under § 502(a)(1)(B) to "recover benefits due . . . under the terms of [the] plan." <u>Id.</u> at 356.

It cannot be disputed that anything in the legislative history, structure, or purpose of ERISA suggests that Congress viewed § 502(a)(1)(B) as creating a remedy for a participant injured by medical malpractice.  Instead, Congress sought to assure that promised benefits would be available when plan participants had need of them and § 502 was intended to provide each individual participant with a remedy in the event that promises made by the plan were not kept.  The Supreme Court has noted that while quality standards and work place regulations in the context of hospital services will indirectly affect the sorts of benefits an ERISA plan can afford, those have traditionally been left to the states, and there is no indication in ERISA that Congress chose to displace general health care regulation by the states.  <u>N.Y. State Conf. of Blue Shield Plans v. Travelers Ins. Co.</u>, 514 U.S. 645, 657-58 (1995).

The inquiry here is whether plaintiff's claim rests upon the terms of the plan or requires construction of the plan language; if so, the claim is preempted by ERISA.  Claims challenging the

quality of a benefit, as noted above in <u>Dukes</u>, are held not preempted by ERISA. In order to determine whether ERISA preempts plaintiff's medical malpractice claim, the court must determine whether the alleged negligent medical advice was inextricable from its actions coordinating benefits and services under the plan. <u>See</u> <u>Roessert v. Health Net</u>, 929 F.Supp. 343 (N.D. Cal. 1996)("nothing in [defendant's] duty to administer benefits to plaintiff required it to make medical judgments[,]" nor did plaintiff's claims require reference to an ERISA plan to resolve them).

Defendants here assert that plaintiff's claims allege "administrative" actions by defendants, therefore ERISA preemption applies and removal to federal court is proper. Plaintiff alleges that defendants were negligent for several actions, including allegations that relate to the oversight and retention of defendant Dr. Patel. Plaintiff alleges additional direct negligence claims against these defendants that implicate the standards of care for providing medical information to patients, as wells as claims that defendants failed to report Dr. Patel's malpractice incidents to the Oregon Board of Medical Examiners as required by Or. Rev. Stat. 742.400(2), and failed to thoroughly and adequately investigate Dr. Patel's prior history of discipline and fraudulent conduct in the State of New York prior to granting him surgical privileges. Complaint, ¶ 23.

Page 7 - OPINION AND ORDER

Similar to the court's analysis in <u>Dukes</u>, however, I find that
plaintiff's allegations allege common law negligence directly
related to the quality of care ultimately provided to plaintiff's
son.  These claims do not implicate the administration of, or
necessitate the interpretation of, the benefits plan.

Further, defendants fail to point this court to a plan-
created right implicated by plaintiff's state law medical
malpractice claims.  I find no allegation by plaintiff that the
defendants have withheld plan benefits due, and nothing in the
complaint resembles a request that the court clarify a right to a
future benefit.  In fact, plaintiff's complaint centers on past
events.

The Ninth Circuit's analysis and holding in <u>Bui v. American</u>
<u>Telephone and Telegraph</u>, 310 F.3d 1143 (9th Cir. 2002), relied on
by both parties, is instructive.  There, plaintiff Bui sued his
own employer and it was those claims that the court found
preempted by ERISA finding that plaintiff was claiming a denial
of benefits under the ERISA plan.  Plaintiff's malpractice claims
against healthcare providers were not preempted by the court.
The court did, however, preempt plaintiff's negligence claim in
the plan's retention of a service provider, holding that the
selection of service providers under the benefits plan is a
necessary part of the administration of an ERISA plan.  Here,
plaintiff is not alleging that defendant Kaiser Foundation Health

Page 8 - OPINION AND ORDER

Plan was negligent in contracting with defendants Northwest Permanente, Kaiser Foundation Hospitals, or OHSU. Instead, plaintiff's claim is against the hospital and Dr. Patel's employer for negligence in credentialing Dr. Patel and allowing him to provide surgical services to plaintiff's decedent. I find plaintiff's claims to be similar to those in <u>Dukes</u> which were not preempted, than plaintiff's claims in <u>Bui</u>. Plaintiff's claims relate to duties outside the proper administration of the benefit plan. As plaintiff notes, any patient treated at any hospital in the state of Oregon, regardless of whether their benefits were provided under an ERISA plan, could bring a claim against their hospital and the employer of their surgeon for negligence in allowing that surgeon to practice.

In sum, since the actions alleged by plaintiff do not require interpretation of the plan, I find no reason to believe that state resolution of the disputed medical decisions would affect the important uniformity of federal ERISA law. Rather, plaintiff's complaint falls within the familiar purview of state tort law. Therefore, the causes of action pled against defendants do not come within the ambit of § 502(a)(1)(B) and this court lacks jurisdiction to hear them.

<u>CONCLUSION</u>

Plaintiff's motion to remand this action to state court (doc. 12) is granted. Further, plaintiff's request for oral

Page 9 - OPINION AND ORDER

argument is denied as unnecessary.

IT IS SO ORDERED.

      Dated this __16__ day of July 2006.


                 _____/s/ Ann Aiken_____
                      Ann Aiken
             United States District Judge